Russell S. Thompson, IV (029098)
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Jordan, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Drive Now, Inc. dba Auto Action, and | ) |
| Auto Now Financial Services, Inc. | ) |
| | ) |
| Defendants. | ) |

**NATURE OF ACTION**

1.   This is an action brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and for breach of warranty under A.R.S. § 44-1267(G).

**JURISDICTION AND VENUE**

2.   This Court has jurisdiction under 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1267(a).

3.   Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district.

**PARTIES**

4. Plaintiff Sarah Jordan ("Plaintiff") is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Glendale.

5. Plaintiff is a "consumer" as defined by A.R.S. § 44-1261(A)(1).

6. Defendant Drive Now, Inc. ("Drive Now") is an Arizona corporation engaged in the sale and/or lease of motor vehicles and related services and accessories.

7. Drive Now is a business that sells or offers for sale a used motor vehicle after selling or offering for sale four or more used motor vehicles in the previous twelve months.

8. Drive Now is a "used motor vehicle dealer" as defined by A.R.S. § 44-1261(A)(4).

9. Defendant Auto Now Financial Services ("ANFS") is an Arizona corporation engaged in financing and servicing of motor vehicle loans, primarily or exclusively sold by Drive Now.

10. Upon information and belief, Drive Now and ANFS have common ownership and/or management, and constitute a joint enterprise.

11. On October 8, 2014, Plaintiff purchased a used 2005 Buick Rendezvous (the "Vehicle") from Drive Now.

12. A true and accurate copy of the purchase agreement between Drive Now and Plaintiff is attached to this complaint as Exhibit A.

13. On October 9, 2014, the Vehicle overheated.

14. On October 9, 2014, Plaintiff called Drive Now to bring the issue to its attention and tried to schedule an appointment with their service department.

15. Drive Now told Plaintiff that it could not schedule an appointment at that time because it needed to wait for her Vehicle purchase paperwork to be finalized.

16. Plaintiff was able to schedule an appointment with Drive Now after several weeks.

17. In the meantime, Plaintiff experienced numerous problems with the Vehicle, including difficulty starting the Vehicle and intermittent loss of power to the Vehicle while driving it.

18. Drive Now performed a repair to the Vehicle, and stated that it had fixed the overheating problem with the Vehicle.

19. Two days later, the Vehicle overheated again, leaving Plaintiff on the side of the road while driving with her two children.

20. Plaintiff had the Vehicle towed to Drive Now at her expense.

21. The next day, Plaintiff picked up the Vehicle and Drive Now again told Plaintiff that it had fixed the problem.

22. Drive Now charged Plaintiff for parts and labor for the repair.

23. On her way home from Drive Now, the Vehicle overheated again, leaving Plaintiff on the side of the road.

24. Plaintiff is employed to transport organs and so the reliability of her vehicle to function for its intended purpose is especially important to her.

25. On April 10, 2015, Plaintiff, through her counsel, sent a letter to Drive Now, stating, among other things, not to contact her for any reason, and instead to communicate with her counsel.

26. Drive Now and ANFS received Plaintiff's April 10, 2015 letter, and on April 15, 2015 ANFS responded to Plaintiff's counsel via letter.

27. Thus, ANFS knew, or should have known, that it did not have permission to contact Plaintiff at that time.

28. After April 15, 2015, ANFS contacted Plaintiff directly.

29. ANFS placed multiple calls to Plaintiff's cellular telephone number.

30. ANFS delivered messages to Plaintiff using an artificial or pre-recorded voice.

31. Upon information and belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

32. ANFS did not place any telephone calls to Plaintiff for emergency purposes.

33. After April 15, 2015, ANFS knew, or should have known, that it did not have Plaintiff's express consent to make any telephone calls to Plaintiff's cellular telephone number.

34. Upon information and belief, ANFS placed the telephone calls to Plaintiff voluntarily.

35. Upon information and belief, ANFS placed the telephone calls to Plaintiff under its own free will.

36. Upon information and belief, ANFS had knowledge that it was using an automatic telephone dialing system or an artificial or pre-recorded voice to place the telephone calls to Plaintiff.

37. Upon information and belief, ANFS intended to use an automatic telephone dialing system or an artificial or pre-recorded voice to place the telephone calls to Plaintiff.

38. Upon information and belief, ANFS maintains business records that show all calls ANFS placed to Plaintiff's cellular telephone number.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)**

39. Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1-10, and 25-38, above.

40. ANFS violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ANFS violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining ANFS from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF A.R.S. § 44-1267(G)

41.  Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1-24, above.

42.  Pursuant to A.R.S. § 44-1267(G), all used vehicles sold by "used motor vehicle dealers" come with a fifteen (15) day or five hundred (500) mile implied warranty of merchantability.

43.  "An attempt to exclude, modify or disclaim the implied warranty of merchantability or to limit the remedies for a breach of that warranty, except as otherwise provided in this section, in violation of this subsection renders a purchase agreement voidable at the option of the purchaser."  A.R.S. § 44-1267(B).

44. The implied warranty of merchantability was breached due to the defects with the Vehicle, which inhibited Plaintiff's use of the Vehicle, and made the Vehicle unsafe to drive.

45. Drive Now was unable to, or refused to, repair the Vehicle, despite being given a reasonable opportunity to do so.

WHEREFORE, Plaintiff requests that the Court:

a) Enter an order voiding the transaction for the sale of the Vehicle;

b) Enter an order requiring Drive Now to pay all damages allowed pursuant to A.R.S. Title 47, Chapter 2; including but not limited to all monies expended by Plaintiff reasonably related to Plaintiff's purchase and possession of the Vehicle;

c) Award Plaintiff all reasonable attorney fees, litigation costs and expenses pursuant to A.R.S. § 47-1265(b);

d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

46. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 10, 2015

                                  Respectfully submitted,

                                  s/ Russell S. Thompson, IV
                                  Russell S. Thompson, IV (029098)

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com

s/ Joseph Panvini
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8875
866-317-2674 facsimile
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff